**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-2084**

_____

TESSA R R G C CHILDRESS, a/k/a Tessa Rani Raybourne Gibson
Carlisle Childress, filed as Tessa Rani Raybourne Gibson
Carlisle Childress,

              Plaintiff - Appellant,

      v.

CITY OF CHARLESTON POLICE DEPARTMENT; LIEUTENANT CHITO T.
WALKER; OFFICER SANDERS; OFFICER KOEGLER; SERGEANT RATLIFF;
D-O WILSON; D-O DALLAS; D-O GANT,

              Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:13-cv-01225-DCN)

_____

Submitted:  March 31, 2016         Decided:  July 29, 2016

_____

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Tessa R R G C Childress, Appellant Pro Se.  Christopher Thomas
Dorsel, Sandra J. Senn, SENN LEGAL, LLC, Charleston, South
Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tessa Rani Raybourne Gibson Carlisle Childress appeals the district court's order adopting in part and rejecting in part the recommendation of the magistrate judge and granting summary judgment to Defendants in her civil rights action. Childress asserts on appeal that the district court reversibly erred in granting summary judgment to Defendants on her claim challenging her placement in emergency protective custody and in granting summary judgment to Defendant Ratliff on her claim against him in his personal capacity for excessive force.

We review de novo a district court's award of summary judgment, "viewing the facts and inferences reasonably drawn therefrom in the light most favorable to the nonmoving party." Core Commc'ns, Inc. v. Verizon Md. LLC, 744 F.3d 310, 320 (4th Cir. 2014). "A summary judgment award is appropriate only when the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

2

After review of the record and Childress' brief, we find no reversible error in the district court's grant of summary judgment on Childress' claim challenging her placement in emergency protective custody. Accordingly, we affirm that ruling for the reasons stated by the district court. Childress v. City of Charleston Police Dep't, No. 2:13-cv-01225-DCN (D.S.C. Sept. 8, 2015).

With respect to the district court's grant of summary judgment to Defendant Ratliff on Childress' claim against him for excessive force, we have reviewed the record and Childress' brief and conclude that the district court made an improper credibility finding in determining that Ratliff was entitled to qualified immunity. The record contains Childress' description in her deposition testimony of Ratliff's actions and demeanor in connection with her placement in an ambulance. The district court's conclusion that Ratliff was entitled to summary judgment was based on its determinations that the record evidence "reveal[ed] a much different account of the events that took place" than were proffered in Childress' deposition testimony and was "entirely void" of any evidence from which a reasonable jury could determine that Ratliff employed excessive force against Childress. In reaching these determinations, however, the district court failed to view the evidence at the summary judgment stage in the light most favorable to non-movant

3

Childress. By failing to credit evidence that contradicted some of its determinations, the district court improperly "weigh[ed] the evidence" and resolved a disputed matter in favor of Ratliff. Anderson, 477 U.S. at 249.

"By weighing the evidence and reaching factual inferences contrary to [Childress'] competent evidence, the [district court] neglected to adhere to the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party." Tolan v. Cotton, 134 S. Ct. 1861, 1868 (2014). Applying that principle here, the district court should have credited Childress' testimony about Ratliff's demeanor and actions in connection with her placement in the ambulance and considered that evidence along with all other facts and inferences reasonably drawn therefrom in the light most favorable to Childress to determine whether Ratliff acted unreasonably. Vacatur of this portion of the district court's judgment and a remand is thus necessary so that the court can make such a determination and further can determine whether Ratliff's actions — viewed properly at the summary judgment stage — violated clearly established law. Id.; see Vathekan v. Prince George's Cnty., 154 F.3d 173, 179-80 (4th Cir. 1998) (reversing summary judgment where disputed facts existed as to events surrounding use of force).

Accordingly, we vacate the portion of the district court's order finding Ratliff was entitled to qualified immunity and remand for further proceedings in the district court. We affirm the remainder of the district court's judgment. We deny Childress' motion to appoint counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,<br>VACATED IN PART,<br>AND REMANDED